IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Criminal Act. No. 06-10-JJF |
| NICOLAS ESTRADA-DIAZ, | ) ) ) | |
| Defendant. | ) | |

## RESPONSE OF THE UNITED STATES TO THE DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

**NOW COMES** the United States by and through its undersigned attorneys and submits the following in response to the defendant's Motion to Dismiss the Indictment (D. I. 28, 29) ("Motion"), which was entered on the docket in this case on August 3, 2006.

**I.    Procedural History**

On February 7, 2006, the defendant, Nicolas Estrada-Diaz, was indicted on one count of re-entry after deportation by an aggravated felon, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (D. I. 1, 2). At a Change of Plea Hearing held on April 13, 2006, the defendant entered a guilty plea as to that count. (D. I. 19). The Court then scheduled a Sentencing Hearing for July 13, 2006. On June 9, 2006, the defendant, through counsel, moved the Court to continue the Sentencing Hearing, stating that he was "in the process of attempting to vacate his prior deportation" and requesting a continuance "to allow him the opportunity to do this." *See* Motion for Continuance of Sentencing (June 9, 2006) (D. I. 25) at 1. The Government did not object to this motion (D. I. 26) and the Court rescheduled the Sentencing Hearing for November 20, 2006 (D. I. 27).

More recently, the defendant, acting in a *pro se* capacity, filed the Motion to Dismiss the Indictment. (D. I. 28, 29). Subsequent to that Motion, the defendant also submitted a *pro se*

letter to the Court, docketed on August 11, 2006, in which he enclosed additional exhibits relevant to the Motion. (D. I. 30, 31).

## II. Legal Argument

The Government respectfully submits that, for the four reasons set forth below, the Court should either not consider the defendant's Motion to Dismiss the Indictment or, to the extent it considers the Motion, should deny it.

First, in light of the fact that the defendant is represented by counsel, the Court should not consider the Motion, which the defendant filed in a *pro se* capacity. A number of courts, including this Court, have held that a defendant may represent himself or be represented by an attorney, but has no right to simultaneous "hybrid" representation. *See United States v. Stewart*, No. Cr. A. 02-62-1 (JJF), 2003 WL 21730629 (D. Del. July 23, 2003) (Farnan, J.) (citing cases); *see also United States v. Schwyhart*, 123 Fed. Appx. 62, 68 (3d Cir. 2005) (available in WESTLAW). In this case, the defendant has been appointed able counsel, who has represented him in court and filed motions on his behalf. Despite this, the defendant has now filed a number of *pro se* letters and pleadings with the Court, in which he has sought to continue his Sentencing Hearing and, now, to dismiss the Indictment against him. The defendant's filings have been difficult to interpret and, as is discussed more fully below, there is reason to believe that they are being initiated and written by a third person whose identity is unclear. In order to ensure the efficient use of judicial resources and that any of the defendant's cognizable legal claims are addressed in a full and fair fashion, the Court should refuse to consider the defendant's Motion and require that any subsequent motions be filed by counsel.

Second, the Motion should not be considered because there is good reason to believe that the defendant himself did not compose it and may not be fully aware of its content. It is the Government's understanding that the defendant does not understand English, as evidenced by his reliance on a Spanish-language interpreter at prior court hearings in this matter. However, the recent *pro se* filings of the defendant have been written in English, suggesting that they were

prepared by an unknown third party. This is also indicated by the content of the defendant's August 7, 2006 letter to the Court, which stated that "the defendant believes that he is a Permanent Resident of the United States. However, *'we' believe* that it is not a nonfrivolous issue rather than a caliber issue." Letter from Nicolas Estrada-Diaz to Honorable Joseph J. Farnan, Jr. (Aug. 7, 2006) at 1 (D. I. 31) (emphasis added). Moreover, the text of the Motion suggests that the defendant may be unaware of its contents, as much of the document actually argues *against* dismissal of the Indictment. For example, in the Motion, the defendant admits again to each of the elements of the charged offense, *see* Motion at ¶¶ 1-3, then concedes that the Government had probable cause to arrest the defendant regarding that crime, *see id.* at ¶ 5. The Motion goes on to state that "[t]he defendant['s] motion has a lot of meritless issues" and that "the Court has discretion not to entertain this memorandum." *Id.* at ¶ 7. In light of the fact that the defendant may not have initiated and composed the recent filings on his behalf, nor be fully aware of their content, the Court should refuse to consider the Motion on those grounds as well.

Third, to the extent that the Court considers the Motion, it should not dismiss the Indictment simply because the defendant has raised a factual defense to it. Based on the attachments to the Motion and to the defendant's August 7 letter, it appears the defendant may be seeking to dismiss the Indictment by claiming that he is a lawful permanent resident of the United States. However, it is settled that while "Federal Rule of Criminal Procedure 12(b)(2) authorizes dismissal of an indictment if its allegations do not suffice to charge an offense . . . such dismissals may not be predicated upon the insufficiency of the evidence to prove the indictment's charges." *United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000). Here, the Indictment sufficiently alleged the elements necessary to prove the charged crime, including the fact that the defendant, when he was found in the United States on January 19, 2006, was knowingly in the country unlawfully. Even were the defendant – despite his guilty plea – now seeking to challenge this fact by raising the defense that he was in fact a lawful permanent resident on January 19, 2006, such a defense would not justify the Indictment's dismissal.

3

Fourth, on its face, the Motion presents no argument or evidence that calls into question the defendant's guilt regarding any of the elements of the offense, 8 U.S.C. § 1326(a): that he is an alien who was previously deported from the United States, that he subsequently returned to the United States, and that he did so unlawfully, in that he did not have the requisite Government permission to do. In the attachments to his Motion and his August 7 letter, the defendant repeatedly references a June 4, 2001 letter from the former Immigration and Naturalization Service ("INS"), stating that a search of a Government database revealed that the defendant "is a lawful permanent resident of the United States." Motion at Exhibit A. Nothing in that document contradicts the facts set forth in the defendant's Presentence Investigation Report, which explains that the defendant was convicted on drug distribution charges in the Superior Court for New Castle County on November 26, 2001, that deportation proceedings were initiated soon after, and that the defendant was subsequently deported on June 4, 2002. Thus, while the defendant may have lawfully been in the United States in June 2001, after his deportation in June 2002 he did not have the lawful right to enter the country. *Accord* Motion at 2 (defendant admits that on January 19, 2006 he was "knowingly in the United States unlawfully"). As nothing in the defendant's Motion calls that fact into question, the Motion should be denied for this reason as well.

## III.    Conclusion

For the foregoing reasons, the United States respectfully requests that the Court either not consider the defendant's Motion to Dismiss the Indictment or, to the extent it considers the Motion, should deny it. The Government requests that this case proceed to sentencing as scheduled.

4

                        Respectfully submitted,

                        COLM F. CONNOLLY
                        United States Attorney

            BY:         /s/
                        Christopher J. Burke
                        Assistant United States Attorney

Dated: September 1, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Criminal Act. No. 06-10-JJF |
| NICOLAS ESTRADA-DIAZ, | ) ) ) | |
| Defendant. | ) ) | |

## CERTIFICATE OF SERVICE

I, Christopher J. Burke, Assistant United States Attorney for the District of Delaware, hereby certify that on the 1st day of September 2006, I caused to be electronically filed a **Response of the United States to the Defendant's Motion to Dismiss the Indictment** with the Clerk of the Court using CM/ECF. Said document is available for viewing and downloading from CM/ECF and was transmitted electronically to counsel for the defendant:

Eleni Kousoulis, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, DE 19801

/s/
Christopher J. Burke
Assistant United States Attorney